UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE LANE CONSTRUCTION
CORPORATION,

      Plaintiff,

v.                              Case No.  6:13-cv-1327-ORL-37TBS

OSCEOLA COUNTY EXPRESSWAY
AUTHORITY,

      Defendant.

_____/

## ORDER

Pending before the Court is Jr. Davis Construction/UIG Poinciana Parkway, LLC's Unopposed Motion to Intervene as Defendant (Doc. 14).  Plaintiff was ranked second to Jr. Davis Construction/UIG Poinciana Parkway, LLC ("Intervenor") on a design-build construction project solicited by Defendant.  (Doc. 1 ¶ 1).  In this lawsuit, Plaintiff alleges that Intervenor is ineligible for the contract award.  (Id.).  Intervenor seeks leave of Court to intervene as a matter of right or permissively to protect its interest.  (Id. ¶ 4).  Counsel for Intervenor represents that he has conferred with counsel for the parties and they do not oppose intervention.  (Id. p. 3).

Federal Rule of Civil Procedure 24(a) provides for intervention as a matter of right by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  A party seeking intervention as a matter of right under Rule 24(a)(2) must first show: "(1) his application to intervene is

timely; and (2) his claim or defense and the main action have a question of law or fact in common.  The district court has the discretion to deny intervention even if both of those requirements are met, and its decision is reviewed for an abuse of discretion." Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989) (citing Sellers v. United States, 709 F.2d 1469, 1472 (11th Cir. 1983)).

Rule 24(b)(1)(B) allows permissive intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact."  When a party seeks permissive intervention under Rule 24(b)(2), it must show: "his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common.  The district court has the discretion to deny intervention even if both of those requirements are met, and its decision is reviewed for an abuse of discretion."  Chiles v. Thornburgh, 865 F.2d at 1213.

Rule 24(a) imposes a timeliness requirement on anyone seeking leave of court to intervene.  And, when deciding a motion for permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  FED.R.CIV.P. 24(b)(3).

Intervenor alleges that it has more at stake in this litigation than Defendant.  It argues that if Plaintiff prevails, Defendant may have to reject all the bids and start over.  (Doc. 14 p. 4).  If this occurs, then Intervenor runs the risk of losing in a second round of bidding.  (Id.).  Intervenor also alleges that it is more familiar than Defendant with the licensing and pre-qualification issues raised in the complaint and is therefore, better situated than Defendant to respond to those claims.  (Id.).

Intervenor's motion comes nine days after this case was filed and is therefore, timely.  It has established its interest in the subject matter of this action and the potential impairment of its interest should Plaintiff prevail.  Accordingly, Intervenor's motion to intervene is due to be GRANTED.

Plaintiff has filed a motion for preliminary injunctive relief that is set for hearing on October 1, 2013.  (Docs. 3, 9).  Intervenor seeks an additional fifteen minutes to argue at the hearing.  (Doc. 14 p. 4).  Plaintiff opposes this part of the motion to intervene.  The decision on Intervenor's motion for additional time to argue is best made at the hearing by the district judge.

It is therefore ORDERED AND ADJUDGED that:

(1)  Intervenor is made a party defendant in this action;

(2)  Intervenor shall respond to Plaintiff's complaint within fourteen days of this Order;

(3)  Intervenor shall file its memorandum of law and affidavits in response to Plaintiff's motion for temporary injunctive relief by September 16, 2013;

(4)  Plaintiff shall file its reply, if any, to Intervenor's memorandum of law and affidavits by September 23, 2013; and

(5)  Intervenor's request for an additional fifteen minutes to argue at the preliminary injunction hearing is DENIED WITHOUT PREJUDICE.  Intervenor may request additional time from the district judge at the hearing.

IT IS SO ORDERED.

-3-

DONE AND ORDERED in Orlando, Florida, on September 9, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel